956 F.2d 269
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rolan Hazel HOPKINS, Petitioner-Appellant,
v.
WARDEN OF the STATE PRISON OF SOUTHERN MICHIGAN; Director
of the Michigan Department of Corrections,
Respondents-Appellees.
 No. 91-1595.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Rolan Hazel Hopkins, a pro se Michigan prisoner, appeals the judgment of the district court that dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On January 27, 1987, Hopkins was convicted of felony-murder and assault with intent to commit murder following a jury trial in the circuit court of Genesee County, Michigan. Hopkins received a sentence of life without parole for his conviction of murder and life imprisonment for his conviction of assault with intent to commit murder. The Michigan Court of Appeals affirmed Hopkins' conviction on August 11, 1988. The Michigan Supreme Court subsequently denied leave to appeal.
 
 
 3
 On April 19, 1989, Hopkins filed a petition for issuance of a writ of habeas corpus. As grounds for release, Hopkins argued that: (1) his trial was fundamentally unfair because his prior conviction for assault with intent to commit robbery was ruled admissible thereby precluding him from testifying; and (2) the evidence offered at trial was insufficient under Jackson v. Virginia, 443 U.S. 307, 324 (1979) to support his conviction for felony murder. The district court rejected both these arguments after finding that Hopkins had exhausted his state remedies.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Hopkins' petition. Hopkins has failed to demonstrate that his trial was fundamentally unfair in any fashion. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). No egregious error sufficient to constitute a constitutional violation resulted from the admission of Hopkins' confession or the trial court's ruling on the admissibility of his prior assault conviction. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). Further, the findings of the Michigan Court of Appeals concerning the evidence of murder and the testimony offered at trial fully satisfy the standard of Jackson v. Virginia, 443 U.S. at 324.
 
 
 5
 Accordingly, the judgment of the district court is affirmed for the reasons contained therein pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.